IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAMERON BROOKINS,<br><br>        Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL,<br><br>        Defendant. | Case No. 2:20-cv-01670-PLD<br><br><br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, Cameron Brookins, by and through his attorney, Sean L. Ruppert, Esq., of Ruppert Manes Narahari LLC, and files this First Amended Complaint alleging as follows:

**I. Nature of the Action**

1.   Plaintiff brings this Complaint to recover damages under the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. §§ 621-634, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981 ("§ 1981). Plaintiff alleges that he was subjected to persistent racial discrimination by Defendant's management staff. Plaintiff further alleges that Defendant failed to promote him based solely on his race and age.

**II. Jurisdiction and Venue**

2.   This action arises under the Title VII, § 1981, and the ADEA.  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.   Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on August 4, 2020. This Complaint has been filed within ninety days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 1*.

### III. Parties

5. Plaintiff, Cameron Brookins ("Plaintiff"), is an adult individual with a primary residence located at 1080 Tenth Street, West Pittsburg, PA 16160.

6. Defendant, Ally Financial ("Defendant"), is a Delaware company with a regular place of business located at 2000 Westinghouse Drive, Cranberry Township, PA 16066.

### IV. Facts

7. Plaintiff began working for Defendant in December 1986 as Commercial Lending Analyst, a position which, at the time of this filing, he still holds.

8. Plaintiff's job duties include review and analysis of automobile dealer floorplan audits for compliance with company policies and procedures.

9. Plaintiff, a sixty-year-old African-American man, has been an employee of Defendant for approximately thirty-four years.

10. Plaintiff regularly received positive performance reviews. He was and continues to be successful in his position.

11. Over the course of his employment, Plaintiff has applied for approximately eight upper level positions within the Defendant company.

12. He never was offered any of the positions for which he applied, despite his decades of experience.

13. In August 2014, Plaintiff applied for the position of Retail Underwriter. He was not granted an interview for the open position.

14. In May 2016, Plaintiff applied for the positions of Portfolio Management Analyst and Human Resources Business Partner. He was not granted an interview for either of the open positions.

15. In September 2016, Plaintiff applied for the position of Senior Human Resources Generalist. He was not granted an interview for the open position.

16. In August 2018, Plaintiff applied for the position of Loan Closing Analysist. He was granted an interview for the open position, but the position was given to a younger employee.

17. In April 2019, Plaintiff applied for the position of Loan Support Analysist. He was granted an interview for the open position, but did not receive the position.

18. In May 2019, Plaintiff applied for the position of Human Resources Business Partner. He was not granted an interview for the open position.

19. In October 2019, Plaintiff learned of an open position for the role of Portfolio Manager within the Defendant company.

20. With more than thirty years of experience, a Master's degree in Business Administration, and a Master's degree in Developmental Psychology, Plaintiff believed that he was well suited and capable of filling the position. As a result, he applied for the job, as he had many times before.

21. On this occasion, Plaintiff was granted an initial interview. The interview took place in December 2019, and it lasted fifteen minutes.

22. No follow-up information was provided to Plaintiff.

23. During the interview, the interviewer implied that, because Plaintiff had been with Defendant company for so long, he was nearing retirement age.

24. It was further implicated that Plaintiff was only granted the interview in order to appease his frequent applications for promotions.

25. Plaintiff felt that the interviewer attempted to dissuade him from pursuit of the position as a result of his age.

26. Soon after, the open position of Portfolio Manager was granted to a thirty-year-old, Caucasian male.

27. In July 2020, Plaintiff applied for the position of Senior Portfolio Management Analyst. He was not granted an interview for the open position.

28. In each instance wherein Plaintiff applied for an upper-level role, the position was grated to a younger, Caucasian individual.

## COUNT I
**Failure to Promote**
**Violation of the ADEA**

29. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

30. The Age Discrimination in Employment Act of 1967 prohibits employers from failing to promote an employee solely on the basis of age.

31. In order to state a *prima facie* claim of failure to promote under the ADEA, a plaintiff must show:

   a. He is "belongs to the protected class" as an individual over the age of forty;

   b. He "applied for and was qualified for the job;"

   c. Despite his qualifications, he was not chosen for the promotion; and

      d. The failure to promote occurred "under circumstances that raise an inference of discrimination" and the defendant "continued to seek out individuals with qualifications similar to plaintiff's or treated more favorably those not in the protected class." <u>Boandl v. Geithner</u>, 752 F. Supp. 2d 540, 568 (E.D. Pa. 2010).

32. As a sixty-year-old man, Plaintiff is a member of the protected class under the ADEA.

33. At all times wherein he applied for upper-level employment positions, Plaintiff was over the age of forty.

34. Plaintiff, with three decades of experience with Defendant company, was qualified for the positions for which he applied.

35. His performance reviews were all of great quality. He was and continues to be successful in his position.

36. He applied for approximately eight upper-level positions.

37. Despite his application and qualifications, Plaintiff was never selected for the positions. In many cases, he was never granted an interview by Defendant.

38. The positions were, in all cases, filled by younger individuals. This fact shows that younger employees and applicants were treated more favorably than Plaintiff.

39. As a result, the circumstances of the situation show that Defendant failed to promote Plaintiff based solely on his age.

WHEREFORE, Plaintiff hereby requests Plaintiff hereby requests that this Honorable Court consider the above and grant relief in his favor. Specifically, Plaintiff prays this Honorable Court award back pay, front pay, compensatory and liquidated damages as authorized by statute, prejudgment and continuing interest, and reasonable attorney's fees.

**COUNT II**
**Racial Discrimination**
**Violation of Title VII and the PHRA**

40. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

41. Title VII of the Civil Rights Act of 1964 prohibits employers from subjecting employees to disparate treatment because of their race.

42. To establish a *prima facie* case of racial discrimination in employment under Title VII, a plaintiff must show: "(1) [h]e is a member of a protected class; (2) [h]e was qualified for the position he sought to attain or retain; (3) [h]e suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Trapani v. Greatwide Logistics Services, LLC, 487 Fed. Appx. 21, 23–24 (3d Cir. 2012)(unpublished) (*citing* Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir.2008)).

43. As an African-American male, Plaintiff is a member of a protected class under Title VII and the PHRA.

44. Plaintiff, with three decades of experience with Defendant company, was qualified for the positions for which he applied. His performance reviews were all of great quality. He was and continues to be successful in his position.

45. Plaintiff suffered an adverse employment action when Defendant company consistently failed to interview or hire him for advanced positions for which he was qualified.

46. The positions for which Plaintiff applied were consistently given to Caucasian individuals.

47. As a result, this practice gives rise to an inference of international discrimination.

WHEREFORE, Plaintiff hereby respectfully requests that this Court enter judgement in his favor, and against Defendant, and award all damages available at law in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

    Respectfully Submitted,

    /s/ Sean L. Ruppert, Esq.
    Sean L. Ruppert, Esq.
    PA ID: 314380

    **Ruppert Manes Narahari LLC**
    600 Grant St., Suite 4875
    Pittsburgh, PA 15219
    (412) 626-5550 Direct
    (412) 650-4845 Fax
    sr@rmn-law.com

## VERIFICATION

I, Cameron Brookins, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

*CB*
_____
Cameron Brookins

11/12/2020
_____
Date